IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BENNIE COMBS                                                                                              PLAINTIFF

vs.                                              Civil No. 4:09-cv-04023

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

# MEMORANDUM OPINION

Bennie Combs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her applications for DIB and SSI on June 17, 2005. (Tr. 178). Plaintiff alleged she was disabled due to pain, arthritis, and depression. (Tr. 50, 83). Plaintiff alleged an onset date of December 31, 2004. (Tr. 178). Plaintiff's DIB and SSI applications were denied initially on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

August 24, 2005, and at the reconsideration level on February 2, 2006. (Tr. 173-176).

On March 31, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 40). This hearing was held on January 24, 2004 in Texarkana, Arkansas. (Tr. 188-210). Plaintiff was present and was represented by Stanley Brummal at this hearing. *See id.* Plaintiff, and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id*. On the date of this hearing, Plaintiff was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2009), and had an eighth grade education. (Tr. 193).

On March 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 14-20). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2004. (Tr. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease, and hypertension. (Tr. 19, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 19, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-18). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 16-18, Finding 4). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 16-18, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform

that work and other work in the national economy. (Tr. 18, Finding 5). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 195-197, 203-208). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a secretary. (Tr. 19, Finding 6). The ALJ determined, considering her RFC, that Plaintiff would be able to perform this PRW. (Tr. 19, Finding 7). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through March 23, 2007. (Tr. 19, Finding 8).

On March 29, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.968. On December 23, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-8). On March 26, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 20, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 14, 15). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's decision "is not supported by substantial evidence because it failed to follow the treating physician rule." (Doc. No. 14, Pages 5-9).  Specifically, Plaintiff claims the ALJ erred (1) by failing to give proper weight to the opinion of her treating physician and (2) by failing to properly evaluate her treating physician's opinion pursuant to the six factors contained in "S.S.R. 95-2(p)." *Id.*  In response, Defendant argues the report of Plaintiff's treating physician was not provided to the ALJ at the time of the hearing and the treating physician's report was cursory, not based on diagnostic testing or treatment, and not in agreement with other medical evidence in the record.  (Doc. No. 15, Pages 3-8).

Plaintiff argues the ALJ did not evaluate the opinion of Dr. Russell Mayo, who treated Plaintiff and completed a RFC medical questionnaire regarding Plaintiff's functional abilities on January 10, 2006. (Tr. 185-187).  Dr. Mayo stated, based on his clinical examinations and other test results, Plaintiff retained the RFC to sit and stand for less than two hours per day.  (Tr. 186).  Dr. Mayo also found Plaintiff could not walk in the course of her employment and could not lift or carry any weight.  (Tr. 186).  Dr. Mayo noted Plaintiff could not grasp, push or pull, or perform fine manipulation, and could never bend, squat, crawl, climb, or reach above shoulder level.  (Tr. 187).  Finally, Dr. Mayo found Plaintiff would be required to be absent from work for more than three times per month as a result of her impairments.  (Tr. 187).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

There is no dispute the ALJ failed to discuss the medical questionnaire regarding Plaintiff's functional abilities that was prepared by Dr. Mayo. (Tr. 185-187). The Defendant argues the reason this report was not discussed by the ALJ is because the report was not before the ALJ at the time of the hearing and was only later sent to the Appeals Council after the ALJ's decision. The Appeals Council exhibits list shows the Council received two exhibits from Plaintiff after the ALJ's decision. These were an April 29, 2007 letter from Plaintiff's representative and the January 10, 2006 medical questionnaire from Dr. Mayo. (Tr. 2A). However, the record also shows Plaintiff's representative Stanley Brummal sent the report of Dr. Mayo to the Disability Determination Services on January 23, 2006 which was prior the administrative hearing of January 24, 2007. (Tr. 184).

This matter should be remanded to the ALJ so the RFC medical questionnaire of Dr. Mayo may be properly evaluated and discussed by the ALJ. On remand, it is recommend the ALJ provide appropriate analysis of Dr. Mayo's opinions regarding Plaintiff's limitations and provide "good reasons" if he decides to discount those opinions. Upon remand, the ALJ may still find Plaintiff not

6

disabled, however a proper and complete analysis must be performed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of April, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE